IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ROBB,

    Petitioner,                    No. CIV S-05-2265 GEB EFB P

    vs.

TOM L. CAREY,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                             /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action on April 6, 2006, upon the grounds that petitioner's claims are procedurally defaulted and the federal court lacks subject matter jurisdiction. Petitioner filed an opposition on May 2, 2006. For the reasons explained below, the court finds that respondent's motion to dismiss should be denied.

**I.    Procedural History**

        On March 2, 1982, petitioner was convicted of murder in the Los Angeles County Superior Court and was sentenced to 27 years to life in prison.

        On March 8, 2001, the Board of Prison Terms found petitioner unsuitable for parole. On May 23, 2001, petitioner filed an administrative appeal, which the Board of Prison Terms Office of Policy and Appeals denied on October 9, 2001.

On October 26, 2001, petitioner filed a habeas petition in the Solano County Superior Court. On November 14, 2001, the Superior Court denied the petition upon the ground that petitioner failed to exhaust the available administrative remedies.

On January 29, 2002, petitioner filed a habeas application in the appellate court. On February 7, 2002, the appellate court denied the petition without prejudice to filing another petition in the Los Angeles Superior Court based upon *In re Sena*, 94 Cal.App.4th 836, 839 (Cal.App. 2001) (challenge to the denial of parole is a challenge to the sentence and should be brought in the sentencing court), and *In re Hillery*, 202 Cal.App.2d 293, 294 (Cal.App. 1962) (where appellate court has original jurisdiction over habeas petition, it may dismiss upon ground application was not made in lower court).

On February 21, 2002, petitioner sought rehearing. The appellate court transferred the matter to the California Supreme Court. On February 28, 2002, the California Supreme Court notified petitioner it had received his petition for review, but it was late. Petitioner had until March 11, 2002, to file an Application for Relief from Default showing good cause to permit his late filing. The court also advised petitioner he could file a habeas petition and sent him the appropriate form.

On March 7, 2002, petitioner filed in the California Supreme Court an Application for Relief from Default, a petition for review of the appellate court's decision and a petition for a writ of habeas corpus. On July 31, 2002, the court denied the petition.

Petitioner then sought habeas relief in the United States District Court for the Eastern District of California in Case No. CIV S-02-2648 EJG PAN, filed December 11, 2002. By court order filed February 19, 2004, claims 2 and 4 were denied with prejudice and claims one, three, five, six, seven, and eight were dismissed without prejudice.

Petitioner then filed an application for habeas relief in Los Angeles Superior Court on March 8, 2004, which was denied on July 6, 2004. Petitioner filed an appeal in the California Court of Appeal for the Second Appellate District on August 8, 2004. That appeal was denied

on September 24, 2004. Petitioner then filed a petition with the California Supreme Court on October 29, 2004, which was denied September 7, 2005.

Petitioner filed the instant petition in this court on November 8, 2005. Respondent filed a motion to dismiss on April 6, 2006, and petitioner responded May 2, 2006.

**II.     Analysis**

    **A.  Procedural Default**

Respondent moves to dismiss on the basis that the petition was denied at all levels of state court review because it was untimely filed. The Los Angeles County Superior Court noted that petitioner's writ was filed "approximately two and a half years after petitioner had exhausted administrative remedies" and that petitioner had offered "no explanation for the long delay in presenting his claim to the court." Respondent's Exhibit A (Los Angeles County Superior Court order denying the petition). The state appellate court stated that "Petitioner's lengthy, unjustified delay in seeking review of the 2001 parole denial in an appropriate court renders new parole proceedings an adequate remedy at law." Respondent's Exhibit B (Second Appellate District Court order denying petition). The California Supreme Court summarily denied the petition, citing *In re Clark*, 5 Cal.4th 750 (1993) and *In re Robbins*, 18 Cal.4th 770, 780 (1993). These cases reference California's bar to untimely filed petitions and the requirement that a petitioner explain the reasons for a lengthy delay in seeking habeas corpus relief. Respondent's Exhibit C (California Supreme Court order denying petition).

Federal courts will not generally review a question of federal law decided by a state court if its decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A federal court may be barred from reviewing the merits of a habeas petitioner's claim when the petitioner has defaulted with respect to particular state law procedural requirements. *Coleman*, 501 U.S. at 729. "For the procedural default rule to apply, however, the application of the state procedural rule must provide 'an adequate and independent state law basis' on which the state court can

deny relief." *Park v. California*, 202 F.3d 1146, 1151 (9th Cir.), *cert denied*, 531 U.S. 918 (2000) (quoting *Coleman v. Thompson*, 501 U.S. at 729-30). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Noltie v. Petereson*, 9 F.3d 802, 804-05 (9th Cir. 1993); *see Coleman v. Thompson*, 501 U.S. at 750; *Park v. California*, 202 F.3d at 1150.

California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief, *Clark*, 5 Cal.4th at 518, 530-531, yet there are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. The rule's ambiguity is not clarified by the California Supreme Court's application of the timeliness bar, in part because the court usually rejects cases without explanation, only citing *Clark* and *Robbins*, as it did here. *See Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir.), *cert. denied,* 519 U.S. 1001 (1996).

Because *Clark* acknowledged that California's timeliness law previously had been uncertain in its application, the Ninth Circuit has held that, prior to *Clark,* California's timeliness bar was not a sufficiently "adequate" state ground for purposes of procedural default. *See Calderon v. U.S. District Court (Bean)*, 96 F.3d 1126, 1130 (9th Cir.1996), *cert. denied,* 520 U.S. 1204 (1997); *Morales,* 85 F.3d at 1391. Respondent's motion to dismiss on the basis that petitioner's claims are procedurally defaulted must therefore be denied.

**B. Lack of Federal Subject Matter Jurisdiction**

Petitioner contends that his federal constitutional rights were violated when the Board of Prison Terms refused to grant a parole date at his parole hearing held on March 8, 2001. He alleges that the decision was arbitrary, capricious, and based on unchanging factors because it

4

was based on the nature of his crime and not on parole suitability requirements set by the Board of Prison Terms.  Respondent moves for dismissal alleging that petitioner has no protected liberty interest in parole, thus arguing that the court is without jurisdiction to entertain this matter.  Respondent further contends that petitioner does not contest that he received all process due under clearly established federal law.

On August 31, 2006, the Ninth Circuit issued its opinion in *Sass v. California Board of Prison Terms,* 461 F.3d 1123 (9th Cir.2006).  The Ninth Circuit affirmed the district court's denial of the habeas petition finding the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  *Id.,* at 1123.  The Ninth Circuit determined, however, that the district court had misread the California Supreme Court case of *In re Dannenberg,* 34 Cal.4th 1061, 1087 (2005).  *Sass,* 461 F.3d at 1127.  The Ninth Circuit held that there remained a constitutionally protected liberty interest in a parole date. *Id.,* at 1128.  Because California's parole statutes give rise to a protected liberty interest, respondent's motion to dismiss for lack of subject matter jurisdiction must be denied.

Respondent further contends that petitioner fails to raise a cognizable federal claim in that petitioner does not contest that he was afforded an an "opportunity to be heard" or told why "he falls short of qualifying for parole."  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16 (1979).  It is true that petitioner has not argued that he was not afforded an opportunity to be heard or told why he falls short of qualifying for parole.  Rather, petitioner argues that the parole board's decision was arbitrary and not supported by the evidence.  As to this contention, respondent argues the "some evidence" standard set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985), is not clearly established federal law for purposes of 28 U.S.C. § 2254, and therefore, petitioner fails to state a claim.  In *Sass,* however, the Ninth Circuit rejected this very argument.  *Sass,* 461 F.3d at 1129.

////

For the reasons stated above, respondent's motion must be denied and respondent should be directed to file an answer addressing the merits of the petition.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's April 6, 2006, motion to dismiss be denied;

2. Respondent be directed to file an answer addressing the merits of the petition within sixty days;

3. Respondent be directed to include with his answer all transcripts and other documents relevant to the issues presented in the petition.  *See* Rule 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner be directed to file a reply, if any, within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE